UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANA M ALIG MIELCAREK, Ph.D.,

    Plaintiff,

    v.                         Civil Action 2:11-cv-00255
                              Judge Edmund A. Sargus
                              Magistrate Judge Elizabeth P. Deavers

DERRELL L JACKSON, Ed.D., *et al.*,

    Defendants.

### ORDER

This matter is before the Court for consideration of Defendants' Motion to Stay Discovery Until the Court Rules on the Pending Motion to Dismiss filed August 7, 2012. (ECF No. 97.) On August 30, 2012, Plaintiff filed her opposition to Defendants' Motion. (ECF No. 105.) Also before the Court for consideration is Defendants' Motion to Vacate the Settlement Week Conference filed August 14, 2012. (ECF No. 100.) Plaintiff filed her opposition to Defendants' Motion on August 15, 2012. (ECF No. 101.) Defendants replied on August 23, 2012. (ECF No. 102.) The Court also considers Defendants' recently filed Motion for Leave to Supplement Motion to Vacate Settlement Week Conference. (ECF No. 103.) For the reasons set forth below, Defendants' Motion to Stay Discovery is **GRANTED IN PART** as set forth herein. Defendants' Motion for Leave is **GRANTED**. Defendants' Motion to Vacate Settlement Week Conference is **GRANTED**.

Defendants ask this Court to enter an order staying all discovery until the Court rules on Defendants' pending Motions to Dismiss. (ECF Nos. 36, 37, and 38.) In the alternative, Defendants ask this Court to enter an order directing that participation in discovery will not

waive their jurisdiction and venue defenses raised in their Motions to Dismiss.  Defendants appear primarily concerned that participation in discovery will waive certain defenses raised in their Motions to Dismiss.  Defendants also argue that the burden of proceeding with discovery prior to the Court ruling on their Motions to Dismiss outweighs any hardship on Plaintiff that might result from a delay of discovery.

Plaintiff initiated this action well over a year and a half ago.  This Court ordinarily will not stay discovery because of a pending motion to dismiss.  *See Bowens v. Columbus Metro. Library Bd. of Trustees*, 10-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, 06-0549, 2008 WL 641252 (S.D. Ohio Mar. 4, 2008)).  Further, even if the Court rules in Defendants' favor on their Motion to Transfer Venue, discovery will have to be conducted in the new venue in any event.  The burden of staying discovery thus outweighs its benefit.  Accordingly, Defendants' request for a stay will not be granted.

Defendants also ask this Court to vacate the September 11, 2012 Settlement Week Conference.  Defendants argue that settlement negotiations at this stage will be fruitless because of their pending Motions to Dismiss, and because they have not conducted discovery up to this point for fear of waiving their jurisdictional defenses.  Plaintiff argues that she is in a position to meaningfully discuss settlement, and that Defendants have refused to engage in good-faith settlement discussions throughout the pendency of this case.

Because the Defendants will only now begin to participate in meaningful discovery and the effect discovery will have on the parties' positions on settlement, Defendants' Motion to Vacate Settlement Week Conference is **GRANTED**.  The September 11, 2012 Settlement Week Conference is hereby **VACATED**.  The Court notes, however, that Plaintiff has made a

settlement demand in this case.  The Court encourages the parties to participate in extrajudicial negotiations to resolve this case even though it has vacated the settlement conference. Moreover, the Court will reset this case for the December 2012 Settlement Week Conference. This will afford Defendants sufficient time to engage in meaningful discovery and prepare for settlement negotiations.

The Court, however, recognizes Defendants' concern that participating in the discovery process could somehow jeopardize their personal jurisdiction defense.  While the Court is not convinced that engaging in fact discovery will waive their jurisdictional defense,[1] in an abundance of caution, the Court expressly concludes that Defendants will not waive or otherwise impair thier jurisdictional and venue defenses by participating in discovery.  This aspect of Defendants' Motion is, therefore, **GRANTED**.

**IT IS SO ORDERED.**


Date: September 4, 2012                              /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge

---

[1] *See* Pl.'s Mem. Opp'n, at pp. 3-4 (citing *Brown v. Way*, No. 10-13016, 2011 WL 3555631 (E.D. Mich., Mar. 31, 2011), and *Wilson v. Kuwahara Co., Ltd.*, 717 F. Supp. 525 (W.D. Mich., 1989)).  (ECF No. 105.)