UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANA M. ALIG-MIELCAREK, Ph.D.,

        Plaintiff,

v.

DERRELL L. JACKSON, Ed.D., et al.,

        Defendants.

Civil Action 2:11-cv-00255
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of several pending motions. For the reasons below, Plaintiff's motion for default judgment against Defendant Project Focus, LLC, doc. 84, is **DENIED without prejudice**; and the Court **ORDERS** Plaintiff to respond to the merits of Defendant Rathsi Publishing, LLC's motion to dismiss, doc. 113, **within FOURTEEN (14) DAYS of the date of this order.**

### I.

Plaintiff Jana Alig-Mielcarek ("Plaintiff") received her Ph.D. in Education from The Ohio State University in 2003. While in pursuit of her Ph.D., Plaintiff wrote a dissertation entitled *A Model of School Success: Instructional Leadership, Academic Press, and Student Achievement* ("*School Success*"). Plaintiff published *School Success* in October of 2003 and registered copyright in the work in February of 2004. Doc. 31 ¶¶ 43–44; doc. 31-10.

Plaintiff's claims stem in large part from the alleged actions of Defendant Derrell L. Jackson ("Jackson"). Jackson, a Georgia resident, was a graduate student at Clark Atlanta University ("CAU") in 2008. While pursuing his graduate degree, Jackson prepared a dissertation entitled *Teacher Perceptions of Principals' Leadership Influence on Ninth Grade*

1

*Student Outcomes* ("*Teacher Perceptions*"). Plaintiff maintains that *Teacher Perceptions* contains excerpts both derived from and directly copied from *School Success* without citation. Doc. 31 ¶¶ 58–64. She further contends that Jackson later wrote a book, *Are Schools Creating a Permanent Underclass*, which also copied and did not credit *School Success*. *Id.* ¶¶ 95–101. She asserts that Defendant Rathsi Publishing, LLC ("Rathsi") published this book, and that Defendant Project Focus LLC ("Project Focus") "made and/or distributed copies" of the book. *Id.* ¶¶ 110–19.

Based on these allegations, Plaintiff originally brought suit in March of 2011 against six Defendants. She alleged claims pursuant to the Copyright Act, 15 U.S.C. § 501 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Ohio statutory and common law. In July of 2011, three Defendants moved to dismiss Plaintiff's claims for lack of personal jurisdiction and improper venue. Doc. 38. The Court granted this motion and dismissed all claims against Defendants Sheila T. Gregory, Dissertation Coaching Services, and CAU. Doc. 109.

The motions pending pertain to the three remaining Defendants—Jackson, Rathsi, and Project Focus. The motions all stem from Plaintiff seeking default judgment against each of the remaining Defendants, against each of whom the Clerk has entered default. Doc. 35 (Rathsi); doc. 43 (Jackson); doc. 83 (Project Focus). One of the motions for default applies to Jackson. Doc. 79. The case against Jackson, however, continues to be stayed in light of bankruptcy proceedings. Doc. 106. The other two pertain to Rathsi, doc. 80, and Project Focus, doc. 84.

## II.

Unlike the motion for default against Defendant Rathsi, Plaintiff's motion for default against Defendant Project Focus has not led to subsequent, related motions. Instead, the motion for default judgment against Project Focus, doc. 84, remains pending without any response from

Project Focus. Even so, the motion runs into one hurdle: this is a multi-defendant case. When it comes to multi-defendant cases, the "preferred practice" in this Circuit is "to withhold granting default judgment until the trial of the action on the merits." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, No. 87-6199, 1988 WL 93305, at *3 (6th Cir. 1988); *see also Frow v. De La Vega*, 82 U.S. 552 (15 Wall.) 552, 554 (1872); *Charvat v. DFS Services LLC*, 781 F. Supp. 2d 588, 591 (S.D. Ohio 2011). Accordingly, the Court denies Plaintiff's motion for a default judgment against Project Focus without prejudice. Plaintiff may re-file her motion for default judgment against Project Focus when the merits are resolved. *See Concheck v. Barcroft*, No. 2:10-CV-656, 2011 WL 3359612, at *10 (S.D. Ohio Aug. 3, 2011); *Penn-Star Ins. Co. v. Barr-Bros. Plastering Co., Inc.*, No. 2:10-CV-587, 2011 WL 795062, at *2 (S.D. Ohio Feb. 28, 2011).

### III.

The other motion for default comes against Defendant Rathsi. Doc. 80. In January of 2013, before dealing with the motion, the Court issued an Order directing Rathsi to show cause regarding its failure to answer the Plaintiff's complaint. *See* doc. 111. Rathsi responded on February 19, 2013. It did so by (1) requesting that the default judgment against it be vacated, and (2) moving to dismiss the case for lack of personal jurisdiction. Doc. 113. Rathsi's response further tangles this case's procedural posture and presents a number of preliminary issues the Court must resolve before dealing with anything on the merits.

The first issue relates to whether Rathi's response properly answers the Court's show-cause Order. The answer is both no and yes. No, Rathsi's motion did not—as the Court directed—address its failure to litigate this case up until this point. Even so, yes, the Court prefers to resolve cases on grounds other than those related to "procedural missteps." *See, e.g., United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). Accordingly, the

3

Court accepts Rathsi's February 19, 2013 motion to dismiss as an adequate answer to the January 31, 2013 show-cause Order.[1]

Beyond being enough to meet the Court's show-cause Order, the second issue pertains to how to read Rathsi's response. Again, Rathsi does not answer the Court's show-cause Order directly, nor does it present any explanation for the delay in its litigation of this case. Instead, it answers in part with a request that the default judgment be vacated against it. The Court reads this as a motion to set aside the entry of default. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) ("[A]n answer or other opposition to a motion for default may be treated as a motion to set aside entry of default."). Rathsi also answered in part by moving to dismiss this case for lack of personal jurisdiction.

This presents a third issue: should the Court deal first with the motion to set aside the default judgment, or with Rathsi's concurrent motion to dismiss this case? Case law provides a clear answer—"Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment." *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010). This accords with other Sixth Circuit precedent that "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or respond." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994) (alteration in original); *see also Oasis Corp. v. Judd*, 132 F. Supp. 2d 612, 615 (S.D. Ohio 2001) (same). Applied here, before dealing with the merits of Rathsi's motion to set aside the entry of default, the Court must address the merits of the company's motion to dismiss

---

[1] Of further note, the Court does so without commenting on the merits of whether Rathsi's response meets the 55(C) "good cause" standard for setting aside default judgment. *See United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983). If the Court has personal jurisdiction, it will then resolve both Plaintiff's motion for default judgment against Defendant Rathsi, doc. 80, and Rathsi's subsequent motion to set aside the entry of default, doc. 80. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 501–03 (6th Cir. 2010).

4

for want of personal jurisdiction. If the Court does not have jurisdiction, the case would obviously not go forward; if it does have jurisdiction, the issues relating to Plaintiff's motion for default judgment and Rathsi's motion to set aside the entry of default would remain. *See Parnes*, 376 F. App'x at 503 ("Because the district court did, indeed, have personal jurisdiction over Parnes, we now turn to his arguments regarding the propriety of the district court's denial of his motion to set aside the default judgment.").

Finally, the Court would typically move next to addressing the merits of Rathsi's motion to dismiss. However, it cannot yet do so in this case. To be sure Plaintiff did timely respond, doc. 125, to Rathsi's motion to dismiss this case, doc. 113. But Plaintiff's response did not address any of the issues of personal jurisdiction or venue raised in Rathsi's motion to dismiss. As a result, the Court cannot yet rule on Defendant Rathsi's motion. Accordingly, the Court orders Plaintiff to respond to the merits of Rathsi's motion to dismiss within fourteen (14) days of the date of this Order. The Court also notes that failure to comply with this Order may result in a dismissal of all claims against Defendant Rathsi.

## IV.

For the reasons stated above, Plaintiff's motion for default judgment against Defendant Project Focus, doc. 84, is **DENIED without prejudice** to re-filing once the claims against the non-defaulting defendants have been resolved on the merits. Further, the Court **ORDERS** Plaintiff to respond to the merits of Rathsi's motion to dismiss, doc. 113, within **FOURTEEN (14) DAYS of the date of this order.**

IT IS SO ORDERED.

_11-12-2013_
**DATED**

_/s/_
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

5