UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANA M. ALIG-MIELCAREK, Ph.D.,
          Plaintiff,

    v.

DERRELL L. JACKSON, Ed.D., et al.,
          Defendants.

Civil Action 2:11-cv-00255
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Rathsi Publishing, LLC's motion to dismiss. Doc. 113. For the reasons below, the motion is **GRANTED**.

## I. BACKGROUND

### A. Relevant Factual Background

Plaintiff Jana Alig-Mielcarek ("Plaintiff") received her Ph.D. in Education from The Ohio State University in 2003. While there, Plaintiff wrote a dissertation entitled, *A Model of School Success: Instructional Leadership, Academic Press, and Student Achievement* ("*School Success*"). Plaintiff published *School Success* in October of 2003 and registered a copyright in the work in February of 2004. Doc. 31 ¶¶ 43–44; doc. 31-10. Derrell L. Jackson ("Jackson"), a Georgia resident, was a graduate student at Clark Atlanta University ("CAU") in 2008. Jackson prepared a dissertation entitled *Teacher Perceptions of Principals' Leadership Influence on Ninth Grade Student Outcomes* ("*Teacher Perceptions*"). Plaintiff maintains that *Teacher Perceptions* contains excerpts derived and directly copied from *School Success* without citation. Doc. 31 ¶¶ 58–64. She further contends that Jackson later wrote a book, *Are Schools Creating a Permanent Underclass?* ("*Permanent Underclass*"), which also copied and did not credit *School*

*Success. Id.* ¶¶ 95–101. She asserts that Defendant Rathsi Publishing, LLC ("Rathsi") published this book. *E.g., id.* ¶¶ 110–19.

Based on these allegations, Plaintiff originally brought suit in March of 2011 against Rathsi, among others. *See* doc. 109 (dismissing several of the other defendants). She alleged claims pursuant to the Copyright Act, 15 U.S.C. § 501 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Ohio statutory and common law. In January of 2013, the Court issued an Order directing Rathsi to show cause for its failure to answer Plaintiff's complaint. *See* doc. 111. Rathsi responded by (1) requesting that the default judgment against it be vacated, and (2) moving to dismiss the case for lack of personal jurisdiction. Doc. 113. Although Rathsi's motion did not address its failure to litigate this case, courts prefer to resolve cases on grounds other than those related to "procedural missteps." *See, e.g., United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). The Court thus now turns to resolving Rathsi's motion to dismiss for lack of personal jurisdiction before, if necessary, addressing its motion to set aside entry of default. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment.").

## B. Defendant Rathsi's Motion to Dismiss

Plaintiff timely responded to Rathsi's motion to dismiss this case, but she failed to address the issue of personal jurisdiction. Doc. 125. The Court ordered Plaintiff to respond to the merits of Rathsi's motion to dismiss within fourteen (14) days of its November 2013 Order. Plaintiff was warned that failure to comply with the Order may result in a dismissal of all claims against Defendant Rathsi. The fourteen-day period has passed and Plaintiff has not responded. She thus rests on her pleadings. In her complaint, she avers that Rathsi publishes books and

distributes them throughout the United States, including in Ohio; and that it does so through nationwide chain bookstores, and "through active web sites such as www.derrelljackson.com and www.Amazon.com." Doc. 31 ¶ 27. She attaches a screenshot from Amazon's website listing *Permanent Underclass*, Jackson's book, for sale. Doc. 31-21. She also asserts that *Permanent Underclass* lists Rathsi as its publisher, doc. 31 ¶ 90; *see* doc. 31-19 at 2 (depicting a copy of *Permanent Underclass* that lists Rathsi as its publisher); and that Rathsi assisted Jackson in the preparation and distribution of the book, doc. 31 ¶¶ 110, 111. Plaintiff further contends that *Permanent Underclass* has been sold in the state of Ohio. Doc. 31 ¶ 91.

Rathsi maintains that it does not have sufficient contacts with the state of Ohio to satisfy either Ohio's long-arm statute or the Constitution's Due Process Clause. Rathsi submits an affidavit from Patrick Muhammad, the company's president, in support of its motion. Muhammad stresses that Rathsi is organized under the laws of Georgia and keeps its principal place of business in Georgia. Doc. 113 at 3, ¶ 1. He further stresses that Ratshi "has never conducted any business in Ohio and has no presence in the state." *Id.* ¶ 2. He also avers that Rathsi does not have an agent in Ohio for service of process. *Id.* ¶ 4.

## II. STANDARD

When a defendant challenges the Court's personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing the existence of jurisdiction." *Estate of Thompson v. Toyota Motor Corp.*, 545 F.3d 357, 360 (6th Cir. 2008). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012). If the Court considers a Rule 12(b)(2) motion without holding an evidentiary hearing or allowing discovery, a

"plaintiff's burden is relatively slight" and the plaintiff must establish only "a *prima facie* showing that personal jurisdiction exists." *Id.* (citations omitted) (internal quotation marks omitted). Under this standard, although the plaintiff may not rest on pleadings alone in the face of the movant's evidence, the Court must "consider the pleadings and affidavits in the light most favorable to the plaintiff." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). Still, a plaintiff's pleadings must still "have established with reasonable particularity those specific facts that support jurisdiction." *Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009) (internal quotation marks omitted).

### III. DISCUSSION

The Court has federal-question jurisdiction in this case because Plaintiff brings claims under the Copyright Act and the Lanham Act. Neither of these statutes provides for nationwide service of process. *See BE2 LLC & be2 Holding, A.G. v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (Lanham Act); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (Copyright Act). Accordingly, "personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003). Plaintiff brings suit against Rathsi in Ohio. And, "[u]nlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). In other words, the Court must consider whether jurisdiction complies with both Ohio's long-arm statute and due process.

Setting aside Ohio's long-arm statute, the constitutional due process inquiry has several dimensions. As a general matter, "the Due Process Clause requires that the defendant have sufficient minimum contact[s] with the forum state so that finding personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* Plaintiffs can meet this standard by showing general jurisdiction or specific jurisdiction. *Id.* at 712–13. A non-resident may be subject to the general jurisdiction of the forum state where his or her contacts "with that state [are] 'continuous and systematic.'" *Id.* at 713 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 & n. 9 (1984)).

With regard to specific jurisdiction, the Sixth Circuit generally applies a three-part test established in *Southern Machine Company v. Mohasco Industries, Inc.*:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir. 1968). A plaintiff may sometimes satisfy purposeful availment through the effects test enunciated in *Calder v. Jones*, 465 U.S. 783 (1984). Under the effects test, a plaintiff must show that the defendant: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Stolle Mach. Co., LLC v. RAM Precision Indus.*, No. 3:10–cv–155, 2011 WL 6293323, at *8 (S.D. Ohio Dec. 15, 2011). Although the Sixth Circuit has narrowed its application of the effects test, "the existence of intentional tortious conduct nonetheless enhances a party's other contacts with the forum state for purposes of a purposeful availment analysis." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 552 (6th Cir. 2007) (internal

5

quotation marks omitted). Moreover, this Court has applied the effects test to claims for copyright infringement. *Stolle Mach.*, 2011 WL 6293323, at *8.

In this case, as detailed below, the Court finds that Plaintiff fails to meet her burden of establishing that jurisdiction is proper under the Due Process Clause.[1] First, the Court finds Rathsi's activities within Ohio are not sufficient to allow for jurisdiction. Second, applying the *Calder* effects test, the Court still finds personal jurisdiction lacking as to Rathsi.

## A. Activities within the Forum State

Plaintiff does not put forth the sort of allegations that amount to "continuous and systematic" contacts necessary for general jurisdiction. *See, e.g.*, *Helicopteros*, 466 U.S. at 416–17 (trip by defendant's CEO to Texas, purchases of equipment from Texas, and sending personnel for training in Texas not enough to confer general jurisdiction). The Court turns accordingly to the specific-jurisdiction inquiry.

### 1. Purposeful Availment

The first prong, purposeful availment, requires in general "that the defendant's actions create a substantial connection to the forum state, such that the defendant should reasonably anticipate being haled into court there." *Cmty. Trust Bancorp, Inc. v. Cmty. Trust Fin. Corp.*, 692 F.3d 469, 472 (6th Cir. 2012) (internal quotation marks omitted). Plaintiff's pleadings and relevant attachments amount to an argument for this Court's jurisdiction over Rathsi based on the "stream of commerce" theory. The Sixth Circuit has adopted Justice O'Connor's "stream of commerce 'plus'" explanation from her plurality opinion in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (O'Connor, J.) (plurality op.). *Bridgeport Music*, 327 F.3d at 479. Under this analysis, "[t]he placement of a product into the stream of commerce, without more, is not an act" of purposeful availment. *Id.* (quoting *Asahi*, 480 U.S. at 112).

---

[1] For this reason, it is unnecessary to address whether Ohio's long-arm statute confers jurisdiction.

In discussing Rathsi's Ohio contacts, Plaintiff stresses that the company published Jackson's book; and that it sold the book to customers in Ohio through Jackson's personal website, through the online site Amazon.com, and through nationwide chain bookstores. Before moving to the merits, Jackson's pleadings stand on their own with respect to her allegations that Rathsi attempted to sell Jackson's book through nationwide chain bookstores. Rathsi counters this allegation with an affidavit from its president, Patrick Muhammad. He stresses that Ratshi "has never conducted any business in Ohio and has no presence in the state." Doc. 113 ¶ 2. Plaintiff, in short, rests on her pleadings in the face of the movant's evidence with respect to nationwide-bookstores allegation, which she cannot do to meet her prima facie burden for personal jurisdiction. *See Serras*, 875 F.2d at 1214. Her allegation with regard to nationwide bookstores does not help demonstrate personal jurisdiction. By contrast, Plaintiff does support with attachments her allegations that the company listed Jackson's book for sale on his personal website, and on Amazon.com. *See* doc. 31-1 (Jackson's site); doc. 31-21 (Amazon.com).

Based on the pleadings and record before it, the Court finds that the alleged activity is not a contact sufficient to demonstrate purposeful availment in general in Ohio. Several reasons compel this conclusion.

First, the allegations at issue here, taken as true, do not meet this Circuit's stream-of-commerce standards. The Sixth Circuit's decision in *Bridgeport Music*, 327 F.3d at 480, illustrates as much. *See also Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 250–51 (6th Cir. 2009). The plaintiff in that case brought suit against two music publishing companies. On appeal, the Sixth Circuit held that the district had personal jurisdiction over one company but not over the other. The difference—the court did not have jurisdiction over the company that "was 'merely aware' of the fact of national distribution, but the choice to distribute was 'pretty much

out of [its] hands,'" *Palnik*, 344 F. App'x at 251 (quoting *Bridgeport Music*, 327 F.3d at 480); and did have jurisdiction over the other company, which "'sought' nationwide distribution by contracting with a distributor for sales 'throughout the United States,'" *id.* (quoting *Bridgeport Music*, 327 F.3d at 483). The case here more closely resembles the former. Based on her allegations, Rathsi was at best aware of the possibility of nationwide distribution. Personal jurisdiction requires more than the mere placement of the product in the stream of commerce, such as "[a]dditional conduct of the defendant [that] may indicate an intent or purpose to serve the market in the forum State." *Asahi*, 480 U.S. at 112. Construed in her favor, Plaintiff's allegations do not meet this standard.

Second, the contacts alleged do not rise to the level of substantial. Again, "the purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a *substantial connection* with the forum State." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir.1996) (emphasis added) (internal quotation marks omitted). Based on its president's affidavit, Rathsi has no intentional, much less known contacts with the state of Ohio. Plaintiff also fails to verify a single book sale made to anyone in Ohio. This does not demonstrate a substantial connection, or any connection, with Ohio as the forum state in this case. Rathsi, in other words, has not engaged in a single "overt action connecting" himself with Ohio, which means the purposeful availment prong fails. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998).

Third, finding against jurisdiction on these facts accords with other federal cases where courts declined personal jurisdiction. Plaintiff alleges that Rathsi sold its books through Jackson's own personal website, which fails under the guidance the Sixth Circuit has provided regarding the internet and personal jurisdiction. *Bridgeport Music*, 327 F.3d at 472 (noting that a

website must be "interactive to a degree that reveals [it] specifically intended interaction with residents of the state" (emphasis added) (internal quotation marks omitted)). Plaintiff also avers that Defendant Rathsi listed the book on Amazon.com, but again fails to allege that Rathsi knew or intended that its sales take place in Ohio. *See, e.g.*, *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1391 (8th Cir. 1991) (finding specific personal jurisdiction where plaintiff presented evidence that defendants knew their products were directly shipped to forum state); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 639 (E.D. Va. 2010) ("[U]nder a stream of commerce theory, Taltwell would have to present a prima facie case that Zonet delivered its goods to a non-Virginia retailer, such as Amazon.com or Tigerdirect.com, knowing that some of the goods would be sold in Virginia."); *Shamsuddin v. Vitamin Research Prods.*, 346 F. Supp. 2d 804, 813 (D. Md. 2004) (two sales to forum residents from website insufficient for personal jurisdiction); *iAccess Inc. v. WEBcard Tech. Inc.*, 182 F.Supp.2d 1183, 1189 (D. Utah 2002) (one purchase by a forum resident insufficient for personal jurisdiction).

### 2. Arising from Rathsi's Activities; Reasonableness

Under the second part of the three-part test, the cause of action must arise from the defendant's activities in the forum state. *See Air Prods.*, 503 F.3d at 553 ("[This depends on] whether the causes of action were made possible by or lie in the wake of the defendant's contacts . . . or whether the causes of action are related to or connected with the defendant's contacts with the forum state." (citations omitted) (internal quotation marks omitted)). Because Rathsi does not have any meaningful contacts with the state Ohio, Planitiff cannot make the requisite connection between her cause of action and Rathsi's acitivies in the forum state.

If the plaintiff is able to satisfy the first two prongs of the specific jurisdiction assessment, an inference of reasonableness arises, and a defendant must demonstrate that

jurisdiction would not comport with "fair play and substantial justice." *Id.* at 554. Here, Plaintiff has failed to establish the first two parts of the personal jurisdiction test. Therefore, exercise of jurisdiction over Rathsi would not be reasonable.

**B. Effects Test**

Because Plaintiff's claims center around intentional tort-type activity (the infringement of Plaintiff's work), the Court considers whether the effects test alters the above specific-jurisdiction analysis. Plaintiff asserts that Rathsi is subject to the Court's jurisdiction because the company committed tortious acts and could have reasonably expected injury to occur in Ohio. Although the effects test concerns the purposeful availment portion of the specific jurisdiction analysis, if Defendants did in fact commit tortious activity aimed at Ohio, this might also suggest that Plaintiff's claims arise from contacts with Ohio. *Cf. Audsley v. RBS Citizens, N.A.*, No. 5:10-cv-208, 2011 WL 1397312, at *4 (D. Vt. Apr. 11, 2011) ("[S]pecific jurisdiction may exist when a defendant has purposefully directed the harmful effects of his activities at the forum State, and the litigation results from alleged injuries that arise from or relate to those activities." (internal quotation marks omitted)). Nevertheless, the Court finds that Plaintiff has failed to satisfy the requirements of the effects test with regard to Rathsi.

Plaintiff has failed to demonstrate that Ratshi knew that harm would likely occur in Ohio. From the pleadings and the evidence Plaintiff has provided, the Court cannot reasonably infer that Ratshi knew of Jackson's plagiarism. Rather, the pleadings fault Ratshi for its role in distributing Jackson's work and for alleged negligence in failing to take proper action to detect plagiarism. The fact that Ratshi published Plaintiff's work, based on the basic facts Plaintiff provides, is not enough for the Court to infer knowledge on the part of Ratshi. Furthermore, even assuming Plaintiff has sufficiently pled that Ratshi had some level of awareness regarding

Jackson's plagiarism, this still does not establish that Ratshi knew that harm would occur in Ohio due to this plagiarism.

Ultimately, under both a general contacts analysis and in light of the *Calder* effects test, Plaintiff has failed to meet her burden of demonstrating that jurisdiction is proper under the Due Process Clause. Accordingly, the Court finds that Defendant Rathsi has insufficient contacts with Ohio to allow for personal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Defendant Rathsi Publishing, LLC's motion to dismiss is **GRANTED**. Doc. 113. Plaintiff's motion for default judgment against Rathsi is thus **DENIED as moot**. Doc. 80. The Clerk is **DIRECTED** to terminate Defendant Rathsi from the Court's docket.

**IT IS SO ORDERED**.

_____1-23-2014_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**