UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANA M. ALIG MIELCAREK, Ph.D.,

      Plaintiff,

                              Civil Action 2:11-cv-00255
     v.                        Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Elizabeth P. Deavers

DERRELL L. JACKSON, Ed.D., *et al.*,

      Defendants.

### REPORT AND RECOMMENDATION

On January 27, 2014, this Court issued an Order directing Plaintiff to file a Status Report concerning her intention to prosecute this case. (ECF No. 144.) Plaintiff failed to comply with the Court's Order. Consequently, on February 19, 2014, this Court issued a Show Cause Order, directing Plaintiff to show cause within fourteen (14) days of the date of the order why the action should not be dismissed for failure to prosecute. (ECF No. 145.) Plaintiff failed to comply with the Court's Show Cause Order. For the reasons set forth herein, it is **RECOMMENDED** that this action be **DISMISSED** for failure to prosecute.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district

court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Court provided Plaintiff with clear notice that her failure to comply with Court's Orders would subject this case to dismissal. See *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to comply with these clear Orders of the Court, which established deadlines for compliance, constitutes bad faith or contumacious conduct. *Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). In an abundance of caution, given the procedural posture of this case, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

2

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 12, 2014                    /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge